**E-FILED**
Friday, 28 January, 2005  06:20:16 PM
Clerk, U.S. District Court, ILCD

**FILED**

JAN 2 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

_TERRY J WILLIAMS_ )
)
_____ )
)
Plaintiff / Petitioner, )
)
vs. )
)
_ROGER E. WALKER, JR.,_ )
)
_Director Ill. D.O.C., et. al._ )
)
Defendant(s). )

For HABEAS CORPUS and
42 U.S.C. §1983

Case No. _O5-3013_
(Supplied by Clerk)

PETITION AND AFFIDAVIT FOR LEAVE
TO PROCEED IN FORMA PAUPERIS

I, _TERRY J. WILLIAMS_, plaintiff or
petitioner, move the court for leave to proceed _in forma
pauperis_ in the above-named action. I declare under
penalty of perjury that the following facts are true:

1. I am the party initiating this action and I
believe I am entitled to redress.

2. I am unable to prepay the fees and costs of
this proceeding, or to give security, because of my
poverty.

3. I am (check one) Single ___ Married ___
Separated ___ Divorced _X_

4. My responses to the following questions are
true:

A. Are you presently employed in any capacity
including a paying position while incarcerated as an
inmate in a correctional center?
Yes ( )    No ( X )

B. If so, by whom, what is your position, and
what is your pay? _____

C. If not, when were you last employed and what
was your pay? This includes prior inmate positions?
_October 9th, 2000 $10:00 hr_

1

D.  Have you received money from any other source, including judgments, in the last 12 months? Yes ( )   No ( ✗ )   If yes, describe each source and state how much you received.

E.  If you are presently incarcerated, how much money do you have in your institutional trust fund account? See attached ledger

F.  If withdrawals were made from your institutional trust fund account during the past 12 months, please explain when, how much, and the purpose for which funds were used.
None

G.  How much money do you have in private checking or saving accounts?
None

H.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, including audio visual equipment such as T.V.s, stereos, etc. (except for ordinary household furniture and clothing)? Yes ( )  No (✗)

If yes, describe the property and its approximate value:

I.  Do you have any debts or obligations? Yes ( ) No ( ✗ )

If yes, list the amount owed, to whom, and any current payments that you are making.

J.  List your dependents, state your relationship to them, and state how much you contribute to their support each month.  Also, state how long you have contributed to that support and other means by which your dependents receive support.
None

2

K.    Estimate the total amount of income or support that your dependents receive per month on an average, excluding your contributes to them.
_NONE_

I declare under penalty of perjury and fine that the foregoing is true and correct and that I have a continuing duty to advise the court of any changes in my financial position as stated above.

_Leuy J. Willia_
SIGNATURE

_January 18th, 2005_
DATE

Petitioner/Plaintiff was granted In Forma Pauperis in 04-cv-5556.
U.S. Northern Dist. of Ill. Eastern Div. -Chgo, Ill.

3

## CERTIFICATE

(To be complete for prisoners only.  This is a statement by the prison and not the prisoner.)

I hereby certify that the plaintiff or petitioner in this action has the sum of $ _(31)/w_ ____ in his trust account at the correctional center where he is confined.  I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_____
_____
_____
_____
_____

_____
(Authorized Officer)

_____
(Institution)

_____
(Title)

DATE _____ _12- 23-04____

IMPORTANT                                    SIX  (REVISED 97)
(THIS CERTIFICATE MUST BE ACCOMPANIED BY A TWELVE MONTH
LEDGER  OF   THE   PLAINTIFF/PETITIONER'S   TRUST   FUND
ACCOUNT.)

. 4

REPORT CRITERIA  -  Date: 06/24/2004 thru End;      Inmate: N70826;      Active Status Only ? : No;      Print
   Restrictions ? : Yes;      Transaction Type: All Transaction Types;      Print Furloughs / Restitutions ? : Yes;      Include
                          Inmate Totals ? : Yes;      Print Balance Errors Only ? : No

**Inmate: N70826  Williams, Terry**                          **Housing Unit: WIL-04-D -21**

|  | |
|---|---:|
| **Total Inmate Funds:** | .00 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | .37 |
| **Funds Available:** | -.37 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | | Amount |
|---|---|---|---|---|---|---|
| 12/20/2004 | 1844 | Disb | N70826 Legal Postage | 99999 | DOC: 523 Fund Re | $0.37 |
| | | | | | **Total Restrictions:** | **$0.37** |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

TERRY J. WILLIAMS )
         Plaintiff )
)
vs. )
)
ROGER E. WALKER, Jr., I.DOC Director, )
JAMES L. OVERHOLT, I. DOC. Attorney, )
JAMES CROSBY, JT., F.D.O.C. Director )
WENDELL WHITEHURST, Warden - F.D.O.C. )
         Defendant(s) )

Case No. 05- 3013

## COMPLAINT

☒      42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐      28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☒      Other 42 U.S.C. § 1985

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, TERRY J. WILLIAMS N-70826 , and states as follows:

My current address is: WESTERN ILLINOIS CORRECTIONAL CENTER P.O. Box 1000 R.R.4 Box 196

MOUNT STERLING, ILLINOIS 62353

The defendant Roger Walker, Jr. , is employed as Director Illinois Department of

Corrections / State of Illinois at 1301 Concordia Court - Springfield, Ill., 62794

The defendant James L. Overholt , is employed as legal counsel for the Illinois

D.O.C. / State of Illinois at 1301 Concordia Court Springfield, Ill. 62794

The defendant James Crosby Jr. , is employed as Director / Secretary of the Florida

Dept. of Corrections / State of Florida at 2601 Blairstone Road - Tallahassee, Fla. 32399

The defendant Wendell Whitehurst , is employed as Warden Fla. D.O.C. - Union Cor-

rectional Institution (U.C.I.) at 7819 N.W. 228th Street - Raiford, Fla. 32026

(revised 9/96)

The defendant _Alsye Manchester (Alice)_ , is employed as _a classification officer_
_Fla. D.O.C. Union C.I._ at _7819 N.W. 228th Str. Raiford, Fla. 32026_
Additional defendants and addresses _Transcor Extradition Specialists – Nashville,_
_Tennessee (address unknown)_

For additional plaintiffs or defendants, provide the information in the same format as above on separate page.

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involve in this case?          Yes          ✗          No ☐

If yes, please describe _04-CV-5556 – Petition for Declaratory Judgment in barring_
_the Fla. D.O.C. - State of Fla, from extraditing me._

B. Have you brought any other lawsuits in state or federal court while incarcerated?

          Yes ✗          No ☐

C. If your answer to B is yes, how many? _See above_ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

Plaintiff(s) _TERRY J. WELLIAMS_

Defendant(s) _James Crosby, Jr. F.D.O.C. Secretary; Roger Walker Jr,_
_Ill. D.O.C. Director, and others in Illinois_

2. Court (if federal court, give name of district; if state court, give name of county)

_1) U.S. Dist. Ct. Jacksonville, Fla, transfer U.S. Dist. Ct. N. Dist of Ill. Eastern Div._

3. Docket Number/Judge   _04-CV-5556   Honorable Marvin Aspen_

2

4. Basic claim made _That the State of Illinois and Florida was "declaratorial barred_
_From Extraditing Plaintiff under 18 U.S.C. App2 par to state law_
5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is
_As of this day I date of Plaintiff's Filing of this, 04-cv-5556 was I is_
still pending?) _still pending_

6. Approximate date of filing of lawsuit _July 2004 - Jacksonville, Fla._

7. Approximate date of disposition _None as of yet._

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?   Yes  ☒   No  ☐

B. Have you filed a grievance concerning the facts relating to this complaint?   Yes  ☒ AND No  ☒

If your answer is no, explain why not : _This concerns violation of Federal law under the_

_Interstate Extradition Act and does not involve prison conditions ; the "No"_
_PART._                                                                 (next page)
C. Is the grievance process completed?   Yes  ☐   No  ☐                    (3A)

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON*
*FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND*
*UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.   PLEASE ATTACH*
*COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

A + B (continued) On the "yes" part, a grievance was filed at
Stateville Corr. Ctr., concerning the prison conditions in
Statement of Claim Number 2/3, Plaintiff has not re-
ceived any answer back from it, as of yet.
    Plaintiff filed said grievance on December 6th, 2004,
while at Stateville C.C. R+C - S wing unit. And as of
yet, has not received any answer at all. (See claims 2/3).

3 A

## STATEMENT OF CLAIM

Place of the occurrence _State of Florida and State of ILLINOIS_

Date of the occurrence _Between November 19th, 2004 to now_

Witnesses to the occurrence _____

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims*
*should be raised in a separate civil action.*
*THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

FACTS: In July of 1996, plaintiff was released on parole by the State of Il-linois Department of Corrections, (I.D.O.C.), (Exhibit 1). In or about April of 1997, Plaintiff left the State of Illinois and went to the State of Florida. In April of 2000, Plaintiff was involved in "a D.U.I. injury related accident" in which Plaintiff was charged with third (3rd) degree felony of said crash in Pinellas County, Florida. In January 2001, Plaintiff was forced into a plea-agreement of Five(5) years Florida Department of Corrections, (F.D.O.C.). In the same month (January 2001), Plaintiff was taken to the F.D.O.C. Central Florida Reception and Classification Center in Orlando, Florida, (C.F.R.C./O.C.I.). It was this F.D.O.C., C.F.R.C. that Plaintiff was informed by O.C.I. clas-sification officer, (Cl.OF.) Ms. Javolim, that Plaintiff had "a Detainer" lodged against him by the State of Illinois. Cl.OF. Ms. Javolim did not know which law enforcement agency (L.E.A.) had Filed said "detainer" (Ex-hibit-2). Thus Plaintiff Filed (Exhibit 3) to F.D.O.C./O.C.I. Warden Ron McAndrews and Ms. Javolim, while still at C.F.R.C. east annex. In Fact, said Exhibit and others plaintiff Filed, where notarized by F.D.O.C.

4

STATEMENT OF FACTS (continue)

notary public Ms. Markisha Brown-Thomas; Commission # C.C. 938143, whose commission expired on May 18th, 2004. This was done on February 15th, 2001. In the meantime, Plaintiff was transferred to F.D.O.C.'s Liberty Correctional Institution, (L.C.I.), to which then Plaintiff contacted his new Cl.Of, Ms. Marsha Stevens, (Exhibit 4) inquiring about said detainer, thus she answered Exhibit 4 along with Exhibit 5. The I.D.O.C. in SpringField, Il- linois has placed a "Violation of Parole" detainer on me. I wrote defendant Roger E. Walker's Chicago, Illinois Office in August of 2001, (Exhibit 6) in which at the time Former I.D.O.C. Director was Donald N. Snyder Jr., and Defendant James L. Overholt answered in Exhibit 7. Thus by Defendant Overholt's response, I.D.O.C. acknowledged Plaintiff. In April 2004, Plaintiff was transferred from L.C.I. to Union C.I, in Raiford, Florida, where Plaintiff's new Cl.Of. became Defendant Alyse (Alice) Manchester. On October 6th, 2004, Plaintiff was summoned to Ms. Manchester's Office at Union C.I., and was once again informed of I.D.O.C.'s detainer. Ms. Manchester then allowed Plaintiff to view "Extradition Warrant Number R-0973105," which stated: "That Plaintiff was "a Fugitive from Justice for violating Parole laws in the State of Illinois." Ms. Manchester then called Defendant Walker's office in SpringField, Illinois, which confirm and acknowledged that they (IDOC) would "extradite" me, (the Plaintiff) back to Illinois. On November 8th, 2004, Plaintiff was once again summon to Defendant Manchester's office,

5

STATEMENT OF FACTS (Cont.)

whereas Defendant Manchester stated to me, that Defendant James V. Crosby wanted Plaintiff to sign "a waiver of extradition", Plaintiff refused. On November 19th, 2004, Plaintiff was told to pack his property, and that he was going to court. This was a ruse, in fact, Plaintiff was picked-up by Defendant Transcor Extradition Specialist(s), and transported to said defendant's contractual holding unit at the Bradford Florida County Jail in Starke, Florida. Defendant U.C.I. Warden Wendell Whitehurst approved and signed Plaintiff's "transfer order." Plaintiff was then held in "custody" by Transcor Extradition Specialist(s), a private company doing contractual business with the State of Florida and Illinois as "extradition transporters," from November 19th, 2004 to November 26th, 2004, in which then Plaintiff was turned over to Defendants Walker and Overholt's custody at Stateville Correctional Center in Joliet, Illinois.

Plaintiff's extradition from Florida to Illinois, was "illegal" and in violation of the U.S. Extradition law of 18 U.S.C. § 3182, and of both states; F.S. 941.01 et.seq., and Illinois 725 ILCS 225-230 et. seq.. For Plaintiff "was extradited without an extradition hearing" before "any judge or magistrate." For Defendant Manchester stated to Plaintiff that "Exhibit 1," served as Plaintiff's waiver. To which "A Parolee" cannot be forced to waive any of his or her Constitutional Rights.

Thus on November 26th, 2004, when Defendant Walker or his agent, accepted Plaintiff into Illinois D.O.C. system, said defendant then subjected Plaintiff "to cruel and inhumane conditions" at Stateville C.C. Reception and Classification, (R+C), which are said defendant's policies and procedures. Claim Number 2/3.

5A

V.     **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Claim No.

1). Defendant Number One (1) - Illinois D.O.C. Director Roger Walker, Jr., acting under a color of law in his individual and official capacity with a deliberate indifference violated Plaintiff's Constitutional Rights under the Fifth and Fourteenth Amendments of Due Process and Equal Protection of the laws, by acting in conspiracy with the State of Florida D.O.C. Defendants; James Crosby Jr., Secretary F.D.O.C., Union C.I. Warden Wendell Whitehurst, and Union C.I. Classification Officer Alice Monchester, in depriving Plaintiff of his Constitutional guarantee right of "An Extradition Hearing" pursuant to: 18 U.S.C. § 3181, § 3182, and § 3189 par to U.S. Constitution Article IV, §2, Cl. 2, of the Extradition Clause. Thus in turn, this then violated Illinois Law of Statute 725 I.L.C.S. §§ 225-1 to 22, to which then violated Plaintiff's Ninth Amendment Right of "enumerated" right to "certain rights" in the U.S. Constitution. Thus not only violating Plaintiff constitutional rights under 42 U.S.C. § 1983, but also under 42 U.S.C. § 1985 (2) and (3), to which he is held accountable for by 42 U.S.C. § 1986, by accepting Plaintiff into "his" Illinois D.O.C. System on November 26th, 2004, without "A Valid Court Ordered

STATEMENT OF CLAIM(S) (cont.)

Courts via denial of access to "a law library," which then violated Ill. Alc, ch. I, sec 504 - Subpart A: Administration of Discipline (Note: R+C inmates are not under any disciplinary action, yet while in R+C at Stateville, they where treated as such.) Thus in compursion to said policy at 504.20 (c) (d), then violated Plaintiff's First, Fourteenth Amendment Rights. (Restriction of access to legal materials or law library, and mailing privileges of communication to the Free community.).

CLAIM NUMBER 3: DeFendant Walker by acting under a color of law in his individual and official capacity with a deliberate indifference, by accepting Plaintiff into "his" D.O.C. system without "a valid court ordered extradition", then violated Plaintiff's Eighth Amendment Right to be Free from cruel and unusual punishment, and also again in violation of Ill. Alc 504.20 (c) which states the following: "Corporal punishment, disciplinary restrictions

on diet, medical or sanitary Facilities, clothing, bedding, mail, or access to legal materials and reductions in the Frequency use of toilets, washbowls, and showers SHALL be prohibited."

(Amended at 27 Ill. Reg. 6214, effective May 1st, 2003).

Not only did deFendant Walker subject Plaintiff to cruel and inhumane conditions at "his" Stateville Facility, but, Plaintiff did not get "a shower" For ten (10) days, November 29th, 2004, to December 9th, 2004 - here at Western Illinois C.C.; nor did Plaintiff "ever" see an exercise yard, and Stateville C.C. had them, in R+C; But the diet (meals) where

8.

Claim No.                STATEMENT OF CLAIMS (cont.)

(3): inadequate, and did not meet the American Correctional Association (A.C.A.) standards of "A nutritional meal". For Example: Breakfast on Saturday (12-4-04) and Sunday 12-5-04 consisted of two(2) one(1) ounce bowls of Cereal, one(1) little doughnut or dried pancakes (small), milk and juice. Lunch or Dinner wasn't any better, served in about a Five(5) by Five(5) inch tray with two(2) little one(1) inch holes for side-dishes "Kiddy meals."

Thus by defendant Walker accepting Plaintiff "illegally" into the Illinois D.O.C. in which he controls, and in violation of Plaintiff's Claim Number One(1) - Constitutional Violations, it then "subjected Plaintiff to both Claims of 2 and 3's violations, of inflicting cruel and unusual punishment by: " deliberately starving Plaintiff with inadequate meals(diet); denying Plaintiff or restricting plaintiff from any sanitary facilities, such as "showers"; deliberately restricting Plaintiff's constitutional guarantee(s) of "Freedom of Speech and Association of access to the Courts or Free Community.""

CLAIM NUMBER FOUR(4): Defendant Number 2 James L. Overholt acting under a color of law in his individual and official capacity as "the attorney for the I.D.O.C."(Exhibit 7), with a deliberate indifference, violated the Plaintiff's constitutional rights and guarantee(s) of the First, Fifth, Ninth, Eighth and Fourteenth Amendments, as equally described in Claims 1 to 3 of Defendant Roger Walker. To which by Defendant Overholt's "acknowledgment" of Plaintiff's attempt to deal with "I.D.O.C. detainer (Extradition Warrant No: 0973105) (Exhibits 6/7)." And to which said Defendant Overholt as a

9.

(Claim No. 4 (cont).     STATEMENT OF CLAIMS (cont.)

Schooled college educated attorney, in which "he" should be knowledgable of the Illinois Laws, U.S. Constitution and I.D.O.C. rules and regulations, then acted in conspiracy with Defendant Walker and Defendants James Crosby, Wendell Whitehurst, Alice Manchester, and Transcor Extradition Specialist(s) Inc., of Nashville, Tenn., in depriving the Plaintiff of his Constitutional Rights described in Defendant Walker's three (3) claims (1 to 3).

CLAIM NUMBER FIVE (5): Defendant James Crosby, Jr., acting under a color of law in his individual and official capacity as the Florida D.O.C. Secretary/Director with a deliberate indifference violated the Plaintiff's Fifth and Fourteenth Amendment Right of Due Process and Equal Protection of the laws of the United States and the State of Florida, by not only failing to adhere to Florida Statute 941.01 et. seq., but also to Federal Law of 18 U.S.C. § 3182 et. seq., U.S. Const. Art. IV § 2, Cl. 2, and even Florida's own Constitution of Declaration of Rights Article I § 2 Basic Rights; (Equal Protection of the Laws of Florida), § 9. Due Process - compared to the Fifth and Fourteenth Amendment(s), and § 21. Access to (the) Courts. To which by Defendant Crosby conspiracy to deprive Plaintiff's Constitutional guarantee of "A Extradition Hearing" within those aforemention "laws", of that conspiracy with Illinois D.O.C. defendants: Walker and Overholt. Defendant Crosby, then violated "his own Policy and Procedure Rules 101.001/.002 et. seq., 104.002 et. seq., of the Florida D.O.C. Statutes 944 et. seq., 945 et. seq., par to Florida's own Administrative Codes (F.A.C.), or Chapter 33 - 208.001 §§ 1 A+B (3)(4), to which in all basically state that the Florida D.O.C. Director, his or her administrators, Wardens,

STATEMENT OF CLAIMS (cont.)

Claim No: 5 (cont): officer in charge, and other staff employee members "Shall" be responsible for knowing "all the laws, rules, regulations, and other constitutional guarantee(s)," of the prison inmates, visitors, and so forth, by "being familiar" with them, and "that all employees" under their supervision know them as well.

CLAIM NUMBER SIX.(6): Thus Defendant Crosby by acting under a color of law in his individual and official capacity with a deliberate indifference, then violated Plaintiff's Ninth Amendment Right of certain rights enumerated in both the U.S. and Florida Constitution(s), by conspiring with "Illinois D.O.C. defendants" in depriving Plaintiff "Equal Protection of the Laws" enumerated in Florida and Federal Statutes codified by both of those Constitutions. Thus Defendant Crosby "illegally" extradited Plaintiff out of "his" D.O.C. system in violation of both U.S. and Florida Laws and Constitutions.

CLAIM NUMBER SEVEN (7): Defendant Crosby acting under a color of law in his individual and official capacity with a deliberate indifference, violated Plaintiff's Eighth Amendment Right of being free from cruel and unusual punishment, by conspiring with the Defendants Walker and Overholt of the Illinois D.O.C., in having the Plaintiff "illegally" extradited without "A Court Order," from "his" F.D.O.C. system to Illinois. Thus by Defendant Crosby's Approval of Plaintiff's "illegal extradition" per claims 5 to 7, said Defendant Deprived Plaintiff his constitutional rights per 42 U.S.C. §§ 1983/1985 (2)(3) and is accountable per 42 U.S.C. § 1986.

17

## STATEMENT OF CLAIMS (cont.)

<u>CLAIM NUMBER EIGHT(8)</u>: Defendant Number Four(4) Wendell Whitehurst acting under a color of law in his individual and official capacity with a deliberate indifference, violated Plaintiff's Fifth and Fourteenth Amendment Rights, to which as Warden of Florida's D.O.C. Facility Union Correctional Institution, signed and approved of Plaintiff's "illegal extradition" in conspiracy with Defendant No. 3 - James Crosby of Claim No. 5, in violating Plaintiff's constitutional rights under the same constitutional guarantee(s), laws, rules, regulations, policies, and codes, described in Defendant No. 3's Claim No. 5.

<u>CLAIM NUMBER NINE(9)</u>: Thus Defendant Whitehurst acting under a color of law in his individual and official capacity as Defendant No. 3 - Crosby's legal representative with a deliberate indifference, then violated Plaintiff's constitutional rights equally as Defendant Crosby's Claims No. 6 and 7, by acting in conspiracy with Defendant Crosby, Defendants Walker and Overholt, and Defendants Manchester and Transcor Extradition Specialist(s) Inc., of Nashville, Tennessee. By violating Plaintiff's Eighth and Ninth Amendment Rights, equally as the other claims.

<u>CLAIM NUMBER TEN(10)</u>: Defendant Number Five(5) Alsye (Alice) Manchester acting under a color of law in her individual and official capacity as Defendants Crosby and Whitehurst legal representative with a deliberate indifference violated Plaintiff's Constitutional Rights equally and in conspiracy with Defen-

12.

STATEMENT OF CLAIMS (Cont).

Claim No. 10 (Cont): clants Crosby and Whitehurst's described in Claims No: 5 to 9, per same constitutional guarantee(s), laws, rules, codes, policies, and regulations.

CLAIM NUMBER ELEVEN (11): Defendant Number Six (6)-Transcor Extradition Specialist(s) Inc., of Nashville, Tennessee, acting under a color of law in their individual and contractual official capacity as a private individual, violated Plaintiff's Fifth, Eighth, Ninth, and Fourteenth Amendment Rights, by violating Plaintiff's constitutional rights under the laws, rules, codes, policies and regulations described in Claims No: 1 through 10, by conspiring with Defendants Walker, Overholt, Crosby, Whitehurst and Manchester, in accepting Plaintiff for extradition transport without "A Valid Legal Court Order," per those ascribed constitutional clauses, rules, laws, and Codes. Thus subjecting Defendant Transcor to 42 U.S.C. § 1986 liability.

Therefore, I, Terry J. Williams - Pro-Se Plaintiff under 28 § 1746, state and dispose under a penalty of perjury, that the Foregoing 42 U.S.C. §§ 1983|1985 complaint is true and correct.

Respectfully Submitted,
Terry J Will
TERRY J. WILLIAMS N70826

13.

## RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

1) Plaintiff seeks one (1) million dollars each, from each defendant for declaratory damages, in violating Plaintiff's declaratory Constitutional Rights per the laws and treaties of the United States. (2) Plaintiff seeks one (1) million dollars each, from each defendant for compensatory damages. (3) Plaintiff seeks one (1) million dollars each from each defendant for punitive damages. (4) Plaintiff seeks one (1) million dollars each from each defendant for Psychological mental and emotional aggravated distress of subjecting Plaintiff to "cruel and unusual punishment" per this illegal extradition. Plaintiff seeks one (1) million dollars each from each defendant for Consequential Damages. Plaintiff seeks one (1) million dollars each from each defendant for General Damages. Plaintiff seeks #100,000.00 each from each defendant for Nominal Damages.

**JURY DEMAND**          Yes  ☒          No  ☐

Signed this _____18th_____ day of ___January_____, ⬛ 2005.

_____Terry J Will_____
*(Signature of Plaintiff)*

---

| | |
|---|---|
| *Name of Plaintiff:*<br>TERRY J. WILLIAMS | *Inmate Identification Number:*<br>N 70826 |
| *Address:* WESTERN ELLENOIS Corr. Ctr.<br>P.O. Box 1000 RR 4 Box 196<br>MT STERLING, Illinois 62353 | *Telephone Number:* WESTERN ILLENOIS C.C.<br>(217) - 773 - 4441 |

14.

**STATE OF ILLINOIS**
**PRISONER REVIEW BOARD**
**PAROLE OR MANDATORY SUPERVISED RELEASE AGREEMENT**

| NAME | INSTITUTION | NUMBER |
|---|---|---|
| Terry Williams | Danville | N70826 |

This document constitutes an agreement governing persons who have been granted parole by the Illinois Prisoner Review Board or otherwise released under supervision, and defines the terms by which the undersigned is conditionally released from confinement. The rules of conduct follow. If such rules are violated, parole or mandatory supervised release may be revoked under the rules and regulations promulgated by the Prisoner Review Board.

## RULES OF CONDUCT GOVERNING ADULT PAROLEES AND MANDATORY SUPERVISED RELEASES

Until final discharge, you shall at all times be under the legal custody of the Department of Corrections, subject to being retaken at any time, with the establishment of probable cause and with the lodging of a warrant, within the enclosure of an Illinois State correctional center.

You are obligated to comply with all rules, regulations, orders and subsequent amendments thereto of the Prisoner Review Board and of the Community Services Division of the Department of Corrections.

1. You must comply with the instructions of your Department of Corrections agent, including any instructions to submit to electronic monitoring, (if paroled or released out of the State, obedience of the rules of both states is required) and the following Board Special Orders: none.

2. You must obey all municipal, county, State, and federal laws and ordinances.

3. You must have prior approval from your assigned Community Services Zone Supervisor for the following:
   a) requests to leave the State;
   b) requests to visit or write to correctional center residents;
   c) changes in residence or employment.

4. All arrests must be reported immediately to your assigned Community Services Zone Supervisor.

5. Status reports must be submitted as directed.

6. You shall not own, possess, use, sell, or have under your control any firearms or other dangerous weapons.

7. You may be required to submit to electronic monitoring as authorized by the Board.

I, Terry Williams, committed to and under the custody of the Illinois Department of Corrections, do hereby acknowledge that I have carefully read, or have had read to me, and do clearly understand the contents and conditions of the above rules governing the conduct of adult parolees and mandatory supervised releases, and I do hereby agree to comply with same. I do further agree that should I be charged with a violation of my Illinois parole or release, and should I be in another state, I do hereby waive extradition and I do not resist being returned to an Illinois State correctional center.

I also understand that if I am being released pursuant to Section 1003-3-10, Sub. (b), of the Unified Code of Corrections (mandatory release status), this agreement as herein stated is applicable to me.

Signed this 26th day of July, 19 96

Terry P. Williams
**Parolee or Mandatory Supervised Releasee (Signature)**

S. Jacobs
**Witness (Signature)**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST** TWO EXHIBIT (Instructions on Back)

Mail Number:
Team Number: 3
Institution: CFRC

| TO: (Check One) | ☐ Warden   ☐ Asst. Warden | ☒ Classification   ☐ Security | ☐ Medical   ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | TERRY WILLIAMS | 0-166 222 | G Dorm | NONE | 1-28-01 |

**REQUEST**

TO CLASSIFICATION OFFICER MS JAROLIM: DID YOU RECEIVE A COPY OF DETAINER OR NUMBER FROM ILLINOIS YET? WOULD YOU IF YOU GET EITHER ONE PLEASE FORWARD IT TO ME, THANK YOU

Terry Williams

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                                    **DATE RECEIVED:**

as of 1-30-01 they have not posted any detainers.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____   Date: 1-30-01

Distribution:   White   -Returned to Inmate        Pink   -Retained by official responding, or if the response is to an...

**EXHIBIT 3** 

mailed
2-15-01

TO: WARDEN McANDREWS via His/Her REPRESENTATIVE

CLASSIFICATION OFFICER JAROLIM   Team # 3

FROM: TERRY J. Williams  O-166222

   C-DORM-2  EAST UNIT

   RE: DETAINER HOLD/ DEMAND TO SENDER FOR FINAL DISPOSITION

   Now comes Terry J. Williams  0166222-Florida prisoner
number; 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-Social Security number.

   Florida prisoner TERRY J. Williams pursuant to Federal Codes
and rules - criminal 18 Appendix 2 THE INTERSTATE DETAINER
AGREEMENT, which codifies Florida STATUTES §§ 941.45-941.50
and Illinois Statute Chapter 38 § 1003-8-9.

   I, TERRY J. Williams make this demand for FINAL Disposition
on any or all detainers filed by Illinois or any other State
in the United States of America, I make this demand per
those aforemention Codes, rules, and statutes, and under §§ 1 to 9
of said statutes. With particular attention to § 2 Article I
and Article III (a) of said statute(s).

   To which I TERRY J. Williams set and send forth this Demand
to the Warden or his or her representatives of this FLORIDA
prison in which I'm being held as a prisoner.

                               Respect Fully Submitted
                               Terry J. Willia
                               TERRY J. Williams  O-166222
                               C-DORM-2  EAST UNIT

**EXHIBIT** 3pg2     

Therefore, I Terry J. Williams give notice to this legal law enforcement jurisdiction pursuant to 18 Appendix I of the Federal Criminal Codes, Illinois Statute Chapter 38 § 1003-8-9, and Florida Statutes 941.45-941.50, in which said statutes defined detainers as follows:

... "any or all outstanding warrants, untried indict-ments, information, or complaints, which form a basis of all or any detainers lodged against a prisoner in the United States of America by any or all state, county, city, law enforcement agencies of the United States of America. To which that de-tainer filed by a demanding jurisdiction to the hold-ing jurisdictional state of which holds a person as a prisoner, within the United States."

Thus by giving said notice or demand, this law enforce-ment jurisdiction has one hundred and eighty (180) days from Petitioner's Notice of Filing and Certificate of Service day and date's mailing to resolve disposition of this demand.

NOTARY PUBLIC

Respectfully Submitted,

Terry J. Williams

Terry J. Williams 0-166222

SS.# 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

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**EXHIBIT 4**

**(Instructions on Back)**

Mail Number: _____

RECEIVED

☐ Other

FEB 26 2001

WARDEN'S OFFICE
LIBERTY CORRECTIONAL INSTITUTION

TO: (Check One)
☐ Warden
☐ Asst. Warden
☒ Classification
☐ Security
☐ Medical
☐ Dental

| Inmate Name | DC Number | Quarters | Date |
|---|---|---|---|
| FROM: TERRY J. WILLIAMS | O-166222 | ~~A2 DORM~~ ORIENTATION | 1-23-01 |

**REQUEST**

MS STEVENS: WHILE AT C.F.R.C. MS JAROLIM STATED I HAD A DETAINER FROM ILLINOIS - MS J. DIDN'T KNOW WHO LODGE IT. SO WHILE AT CFRC, I FILED INTER-STATE DETAINER DEMANDS TO COOK COUNTY, DEWITT COUNTY & STATE OF ILLINOIS ATTORNEY GENERAL'S OFFICE-CRIMINAL DIV. - ALSO SEND COPIES & DEMAND TO MS J AT CFRC - PER ARTICLES OF I.S.D. - [DEMAND TO WARDEN OR REPRESENTATIVE] ARE THESE & DETAINER IN MY FILES?

COPY

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

──────────── **DO NOT WRITE BELOW THIS LINE** ────────────

**RESPONSE**                    DATE RECEIVED: 2/27/01

You have a Detainer from the Dept. Of Corrections in Springfield, IL for Violation of Parole.

You do not Qualify Under Interstate Agreement on Detainers. Your Charge is a Violation. It would have to be a new Charge.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): MS. Stevens        Date: 2/27/01

**EXHIBIT** 5 

INMATE NAME Williams, Terry     DC# 166222

BUNK ~~A2154~~     DATE 2/22/01

Dept. Of Corrections, Springfield, IL
has Placed a detainer for Violation
of Parole.

Ms. Stevens
**CLASSIFICATION OFFICER**     2/22/01
**DATE**

# COPY



COPY    EXHIBIT **6** pg1

August 8, 2001

To: ILLINOIS DEPARTMENT OF CORRECTIONS
PAROLE BOARD DIVISION - CHICAGO
STATE OF ILLINOIS BUILDING
100 WEST RANDOLPH STREET
CHICAGO, ILLINOIS 60601

TO: CONCERN PARTIES:    RE: N-70826

In January/February 2001, the Florida Department
of Corrections Orlando Correctional Institution, informed
me of a detainer lodged against me from the STATE
OF ILLINOIS. At that time F.D.O.C. did not know, who
from the STATE OF ILLINOIS lodged the detainer/warrant.
Before the information became known that it was this
State of Illinois law enforcement agency, a unilateral
Interstate Detainer Demand was filed by me on Febru-
ary 15th, 2001. Said copies going to: Cook County Courts, STATE
ATTORNEY'S OFFICE, Illinois ATTORNEY GENERAL's OFFICE, F.D.O.C.
ORLANDO, FLORIDA and a copy mailed to this office.
A separate I.A.D. demand mailed to DeWitt County, IL,
in which said warrant there, was discharged on June 11th,
2001 before Judge Stephen Peters.
Chicago P.D. Warrants are being dismissed.
To which will leave only the warrant from this agency and
it is going to be challenged through Illinois Supreme Court



EXHIBIT 6 Pg 2

Jurisdiction under the STATE HABEAS CORPUS ACT.
Unless this agency wishes to resolve this matter
before Florida's D.U.I. sentence ends.

                    Sincerely and Respectfully,
                        Terry J. Will
                    TERRY J. WILLIAMS 166222
                    LIBERTY CORR. INST.
                    HCR 2 Box 144 E-2-14-U
                    BRISTOL, FLORIDA 32321-9711

*Received 8-29-01*
*Per LCI mailroom*

**EXHIBIT 7**

# IIII Illinois
## Department of
# Corrections

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

# COPY

August 23, 2001

Mr. Terry J. Williams  166222
Liberty Correctional Center
HCR 2 Box 144  E-2-14-U
Bristol, Florida 32321

Dear Mr. Williams:

There is a <u>Warrant</u> for you issued by the Illinois Department of Corrections for violation of parole.  When your sentence is completed with the Florida Department of Corrections, you will be brought back to the Illinois Department of Corrections because you violated the terms of your parole.

Sincerely,

*James L. Overholt*

James L. Overholt
Legal Counsel
Illinois Department of Corrections

## OATH/VERIFICATION

I, the undersigned, say I am the Petitioner in this action. I declare under penalty of perjury under the laws of the State of ~~Florida~~ that the foregoing allegation and statements are true and correct, except as too matter stated on my information and belief, and as to those matters, I believe them to be true. ~~28 U.S.C~~. See Shearer v State, 628 So.2d 1102 (Fla. 1993)

1-18-05 .                     28 U.S.C. §1746           _Terry Williams_
**DATE**                                              **SIGNATURE OF PETITIONER**

## PROOF OF SERVICE BY MAIL BY PRISONER "IN PRO PER"

On the "date" specified below, I served the indicated document on opposing counsel in this action at their business address pursuant to the "Prison Mailbox Rule."

Houston v Lack, 487 U.S. 266, 108 S.Ct. 2379; Haag v State, 591 So.2d 614 (Fla. 1992)

Thompson v State, 761 So.2d 324 (Fla. 2000) by placing the document in a properly addressed envelope, giving the envelope to a Correctional Officer who thereafter caused the document to be mailed by first class mail. Receipted on envelope or pleadings by _documentation to be_ on the _18th_ day of _Jan._ 2005.

Case Name: _Terry J. Williams vs. Roger E._

_Walker, Jr., et al._

**Document(s) Served (check one)**

[X] Petiton for Writ of Habeas Corpus;  [ ] 3.850;  [ ] 3.800;  [X] Civil  [ ] 2254  [X] 2241

[X] Others (list):
_42 U.S.C. §§ 1983/1985 Civils Rights Complaint_

Service Upon (~~opposing counsel's name and address~~): _Court only._
_U.S. District Court - Central District of Illinois (only)_

_Springfield Division 600 E. Monroe Str / 151 U.S. Court House_
_Springfield, Illinois 62701   28 U.S.C. 1746_

I declare under penalty of perjury pursuant to Secton ~~92.525~~. Statutes that the foregoing is true and correct.

_Western Illinois Corr Ctr_
_P.O. Box 1000 / R.R. 4 / Box 196_
_Mt. Sterling, Illinois 62353_

Executed at _Mt. Sterling, Ill._ (city)

PRINTED NAMED: _Terry J. Williams_  DC# _N20826 Lee_
~~Correctional Institution~~
SIGNATURE: _Terry Williams_
~~7819 N.W. 228th Street~~
~~Raiford, Florida 32026-~~

PAGE _1_ OF _1_

REV. APRIL 2005